## District Court of the Navajo Nation
## Judicial District of Window Rock

Fern Ann Benally, Personal Representative of the
Estate of Monica Lula Benally, *Plaintiff,*

*vs.*

The Navajo Nation, *et al., Defendants.*
Decided April 15, 1986

## OPINION

*Before Robert Yazzie, District Court Judge.*

*Samuel Pete, Esq., Window Rock, Arizona for the Plaintiff; Joseph Rich, Esq., Gallup, New Mexico for the Defendants.*

*Opinion delivered by Yazzie, District Court Judge.*

## I. Findings Of Fact

This case involves a claim for the wrongful death of a minor child. The allegations are that on May 7, 1984, Defendant Phillip Lee, in the course of employment with the Navajo Nation, while driving a Navajo tribal vehicle, struck and ran over a three year old child, Monica Lula Benally, who was at the time crossing a dirt road (commonly referred to as Bureau of Indian Affairs Route No. 36) located about six miles west of the Nenahnezad Boarding School within the Navajo Reservation. It is further alleged that as a result of this accident, the minor child died about one (1) hour later at the Shiprock Public Health Service Hospital, Shiprock, New Mexico.

ISSUE I: WHAT IS THE NAVAJO LAW FOR WRONGFUL DEATH
ACTIONS, INVOLVING THE DEATH OF A MINOR

A wrongful death action is a lawsuit brought by or on behalf of a deceased person's beneficiaries (e.g. spouse, parent, children, etc.), alleging that death was caused by the willful or negligent act of another. *See*

Black's Law Dictionary (5th Ed.). Under Anglo common law, "the death of a human being could not be complained of as an injury." *Baker v. Barton*, 1 Campbell 493, 170 Eng. Reprint 1033 (1808); *see also* Prosser On Torts, p. 902. This rule was later altered by state statutes. Most states have allowed civil actions for wrongful death and, or survival actions by statute, allowing a decedent's heirs or personal representative to make claims for the loss of the decedent; they also sometimes allow the representative to bring claims that the decedent might have brought. The neighboring states of New Mexico, Arizona, and Utah have enacted wrongful death statutes. Although the Navajo Nation has never formally adopted either a statute to create a cause of action for wrongful death, or a survival statute, a claim for the wrongful death of a tribal member has, however, been long recognized by Navajo common law. *See Estate of Boyd Apachee*, 4 Nav. R. 178, 179-180 (Window Rock D. Ct. 1983) (defining Navajo common law to include custom, case law and matters commonly known or easily verified in recognized works on Navajo common law.).

The Anglo common law, as stated by *Baker v. Barton, Supra,* and Prosser, *Supra*, does not allow a wrongful death action, unless enacted by legislation. The Courts of the Navajo Nation are not bound by this rule of Anglo common law.

7 N.T.C. Section 204 provides that:

[The Court has used the 1959 statute, because this action was commenced in 1984, prior to the enactment of the Judicial Reform Act of 1985.]
(a) In all civil cases the Court of the Navajo Tribe shall apply any laws of the United States that may be applicable, any authorized regulations of the Interior Department, and any ordinance or customs of the Tribe, not prohibited by such Federal laws.
(b) Where any doubt arises as to the customs and usages of the Tribe, the court may request the advice of counsellors familiar with these customs and usages.
(c) Any matters that are not covered by the traditional customs and usages of the Tribe, or by applicable Federal laws and regulations, shall be decided by the Court of the Navajo Tribe according to the laws of the state in which the matter in dispute may lie.

By the clear terms of Section 204(a), if there is an existing custom, then that customary law should be applied, and state law does not have application. Thus, defendant is correct that under 204(a), custom, where it exists, is held to be superior to the common law of the states.

This Court finds that Navajo common law recognizes a wrongful death action. The Navajo experts who testified about the Navajo *concepts of tort, especially recovery* of damages for wrongful death said that:

When a Navajo dies from the careless conduct of another, the person responsible for the death pays the immediate family livestock and silver jewelry.

Defendant referred to a written source, which explained:

". . . [W]hat is expected in all cases of injuries that arise between traditional Navajos is that the person who did the injury will make a symbolic material payment for the loss that he has caused. . . ." (See *"Torts in Tribal Courts"* by Barry K. Berkson, Esq., A presentation for the National American Indian Court Judges Association in Reno, Nevada, January 28, 1970).

Plaintiff's complaint in the instant case alleges that the death of her minor child was caused by the negligence of the defendant. Under the current Navajo case law, negligence is defined as the failure to exercise the duty of care owed to the injured party, thereby proximately causing injury. *Mann v. Navajo Tribe*, 4 Nav. R. 83 (198?). Plaintiff has urged that Defendant Phillip Lee was required to meet a higher than ordinary standard of care when operating a vehicle on Navajo roads. *Navajo Tribe of Indians v. Littleman*, 1 Nav. R. 33 (1971). This Court agrees. The *Littleman* case was a criminal appeal, in which the Court of Appeals took judicial notice of the state of Navajo roads, and the need for extra care while driving, and recommended certain action be taken regarding certain safety measures in places where there are apt to be children near roadways. The defendant, therein, was found guilty for failing to exercise due care while driving a vehicle upon a roadway, after striking and killing a six year old who was crossing the highway immediately in front of defendant's truck at the time. The Court of Appeals acquitted defendant, because of insufficient evidence to sustain a finding of guilt beyond a reasonable doubt.

Considering the traffic, the road condition, and the fact that pedestrians many times walk the Navajo roads without notice, in the case at hand, Phillip Lee was under a duty to use a higher degree of care while operating the vehicle at the time.

## ISSUE II: WHAT IS THE MEASURE OF DAMAGES IN A WRONGFUL DEATH OF A MINOR UNDER NAVAJO COMMON LAW

In the instant case, Plaintiff Fern Ann Benally, in her complaint for the wrongful death of her minor child, is seeking recovery for the following damages against the defendants:

1. General damages for the negligent act of defendant.
2. Special damages for funeral and burial expenses.
3. The monetary worth of the life of the deceased minor (including loss of earnings and financial support).
4. Compensation for the loss of affection, love and companionship of her deceased minor child.

5. Damages for pain and suffering experienced by the deceased minor between the time of her injury and death.

This Court does not agree with the defendant's contention that a wrongful death action is foreign to the custom and tradition of the Navajo people. Compensation for wrongful death of a human being is and always has been recognized at Navajo common law. The Navajo experts in testimony before this Court, on the issue of whether human loss from a wrongful act is compensable, agreed with the following:

When a Navajo dies from the careless conduct of another, the person responsible for the death pays the immediate family livestock and silver jewelry.

If a person dies in a wrongful death situation, the closer relative would be given sheep to relieve that person from loneliness. How many sheep will be given varies depending upon what will fix the victim's mind. One at fault will say, "I will give this for payment."

In other situations, where there is wrongful death, survivors get together and discuss what compensation should be given to make up for the wrongdoing. When a settlement is reached among the survivors and the one at fault, payment may be made by giving sheep, a belt, or even one strand of beads. Sometimes, survivors may object and demand that more should be given.

Whatever property of value is given for the wrong doing, the paying back, "Nalyeeh " would make the person in sorrow get better, feel better, regain strength, and be able to go forth again in this life.

Finally, the "Nalyeeh" (a paying back of restitution), seems to be used today mostly in connection with what would be considered civil matters, but in the past this symbolic restitution was usually all that would be required of the person who committed a criminal act, as well. Nalyeeh, traditionally, has the power to correct wrongs of any kind. . .*The law of the People-Dine' Bibee Haz' a' nii'*, Volumes I-IV, Ramah High School, Ramah, New Mexico, 1972, Dan Vicenti, et al.

Regarding the wrongful death of a minor child, the expert testimony added that:

If a child died as a result of wrongful death in a situation where the minor was run over by a car, payment for funeral expenses would be expected by the immediate family.

Children are highly valued by Navajo families. Parents depend upon their children. They are resourceful in terms of future financial support and education. Youth should have full life to gain money, property and good life.

Defendants contend that the principle of Navajo torts does not result in an "intolerable burden upon all human activity" because the damages sought are not a direct monetary repayment for the loss and all of its

ramifications, but only token. Human loss cannot be fully compensated for by money. This is certainly not the case in today's Navajo world. The value and expectation of the Navajo people with respect to money have changed. For example, the value of dollars and cents, for pain and suffering of a person disabled by an accident, has become a significant consideration for damage recovery, even to a traditional Navajo person.

To be sure, money cannot replace the life of a child who dies from an accident. The Navajo experts stated what all Navajos know; compensation for loss is part of our way. It is true that the payback "nalyeeh" in the past may have been adequate if it was three horses, ten head of sheep, a belt or strand of beads. The value of such compensation may have been high yesterday. Times have changed. More Navajos work for money today. The concepts of payment have changed. The law of Navajo tort has also changed. Yesterday, wrongful death resulting from automobile accidents was unheard of. Today, deaths caused by automobile accidents are not only real, but there are numerous incidents of highway fatalities.

Payment of material goods alone is no longer adequate. In *Bryant v. Bryant*, 3 Nav. R. 194 (Shiprock D. Ct. 1981), the jury had no problem awarding money damages for the losses caused plaintiffs. There was no talk of sheep or horses in that opinion. Whether or not the award for the death of the two minors was adequate is a question this Court does not address. The Shiprock jury decided on the evidence before it. The jury in the instant case at hand will do the same.

Navajos today look to their own codes and tribal law to seek fair compensation. The Court acknowledges, as defendant pointed out, the following important point:

The continued importance placed upon the private symbolic renumeration of injured parties as a cornerstone of Navajo justice is a factor that cannot be ignored by judges and law advocates who seriously desire that the legal institutions offer Navajo people a solution to their problems. *The Law of the People—Dine' Bibee Haz' a' nii, Id.*

The Navajo Tribal Council has ensured that an injured party be fairly compensated for the loss he or she has suffered; for the injury inflicted as the result of the act of the person at fault. 7 N.T.C. Section 701(b).

The Court finds that the notion of fair compensation today should include compensation that would be normally available anywhere a person might file a wrongful death action. It is the opinion of this court that the purpose of 7 N.T.C. Section 701(b) in light of Navajo common law discussed above, is to compensate plaintiffs in wrongful death actions for the following damages:

—Special damages, such as funeral and burial expenses, and medical expenses incurred.

—General damages for the negligent act of defendant, including (a) the sorrow,

mental anguish, pain and suffering of the plaintiffs; (b) loss of affection, love and companionship of the decedent.

—Damages for the pain and suffering of the deceased minor between the time of her injury and death.

—Damages for the monetary worth of the life of the deceased minor, including loss of earnings and financial support. *Bryant v. Bryant,* 3 Nav. R. 194 (Shiprock D. Ct. 1981), allowed the jury to determine the value of a child's life based upon their own understanding, taking into account the Navajo culture, the economy of the reservation, the usual ages of marriage, and many other things, to value a life in terms of the loss caused others.

# Judgment

IT IS THEREFORE ORDERED that, as a choice of law in the instant case, the Navajo common law of tort in a wrongful death action and the measure of damages based upon the notion of fair compensation under 7 N.T.C. Section 701(b), will be applied as explained in the opinion above.